**UNITED STATES of America,**

v.

**Anton N. FOWLER, Defendant.**

**Crim. No. 78–00014–A.**

United States District Court,
W. D. Virginia,
Abingdon Division.

Dec. 29, 1978.

Paul R. Thomson, Jr., U.S. Atty., Roanoke, Va., for plaintiff.

Matthew J. Cody, Jr., Browning, Morefield, Schelin, Cody & Arrington, Abingdon, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

By an information filed with this court on October 30, 1978, defendant Anton N. Fowler was charged with a violation of 18 U.S.C. § 641, in that he allegedly received, concealed, or retained unlawfully three automatic chainsaws, having a value in excess of $100, which had been stolen from the United States Government. The information further alleged that defendant knew that the property was stolen and intended to convert the saws to his own use.

The United States filed a motion in limine, asking this court to sustain the validity of the charge against any challenge that defendant might make on the grounds of double jeopardy. The facts show that defendant was tried before this court on October 2, 1978, under the same 18 U.S.C. § 641, on a count of conspiring to sell the same chainsaws without authority and a count of actually selling the saws. At the close of the United States' evidence, this court on defendant's motion entered a directed verdict of acquittal on both counts, on the grounds that the evidence was insufficient as a matter of law to sustain a conviction.

With respect to the instant charge, defendant Fowler has filed a motion to dismiss pursuant to Fed.R.Crim.P. 12(b), objecting on the ground of double jeopardy. Defendant relies on *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), which held that under 18 U.S.C. § 641, a defendant could not be convicted and punished for stealing and also for receiving the same goods. Defendant argues that the evidence on the instant charge will be essentially the same as the evidence presented on the earlier charges; therefore, the rule of collateral estoppel incorporated into the Fifth Amendment by *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), prevents this second trial.

The United States maintains that receiving stolen goods and selling the same goods are two separate and distinct offenses. The government cites *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), for the proposition that a single act may be an offense against two statutes. The *Blockburger* test is whether each statute requires proof of an additional fact that the other does not, and the government argues that "receipt" requires different proof from that required to prove "sale." Hence, the government argues that this second proceeding does not offend the Double Jeopardy Clause.

The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *U.S.Const. Amend. V.* In the instant case, this court must first decide whether receiving stolen goods is the "same offence" as the selling and conspiring to sell the same stolen goods. The same statute covers both receipt and sale:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any . . . thing of value of the United States . . . or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—
>
> Shall be fined not more than $10,000 or imprisoned not more than ten years, or both; but if the value of such property does not exceed the sum of $100, he shall be fined not more than $1,000 or imprisoned not more than one year, or both. . . . 18 U.S.C.A. § 641 (1976).

*Blockburger v. United States, supra,* sets forth the established test for determining whether two offenses are the same:[1]

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Id.* at 304, 52 S.Ct. at 182.

Applying the *Blockburger* test to the case at bar, this court finds that "receipt" and "sale" are different offenses, because the factual proof required for each demands the proof of an additional fact that the other does not. A defendant may certainly receive goods without selling them; likewise, goods may be sold without committing the criminal offense of receiving them. In *Albrecht v. United States,* 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927), the Supreme Court dismissed a claim of double jeopardy in holding that possessing and selling the same liquor are different offenses:

> [P]ossessing and selling are distinct offenses. One may obviously possess without selling; and one may sell and cause to be delivered a thing of which he has never had possession; or one may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offence. *Id.* at 11, 47 S.Ct. at 254.

If possessing and selling the same goods are distinct offenses, then surely receipt—which must come before possession—and selling the same chainsaws are distinct offenses under the Double Jeopardy Clause.

Defendant Fowler relies on *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), in arguing that the United States is collaterally estopped from relitigating in the present prosecution the same factual issues that were resolved in the earlier acquittal. Defendant maintains that essentially the same evidence will be proffered at this second trial as was proffered at the first. In *Ashe,* an acquittal on a charge of robbing one of several participants in a poker game established that the accused was not present at the robbery. The Supreme Court held that collateral estoppel prohibited prosecution of the petitioner for robbing any of the other victims.

In the instant case, no factual issue was decided in the first prosecution which would preclude a possibility of conviction in the present proceeding. In the first prosecution for conspiring to sell and for actually selling, the United States produced a woman who testified that a man told her he was going to buy some chainsaws. The court struck this testimony as hearsay. The woman later testified that she saw some boxes being transferred, but didn't know what was in them. The United States then rested, the defendant moved for a directed verdict, and this court granted defendant's motion on the grounds that the evidence was insufficient to convict.

Therefore, there was no factual issue decided which would preclude a conviction for receiving, and the collateral estoppel principles of *Ashe* do not preclude the present prosecution for receipt. Defendant complains that the same evidence will be offered in the second trial, but *Ashe* does not prohibit the admission of the *same evidence* at the second trial[2]; *Ashe* merely prohibits the relitigation of the *same issues.* *Ashe* is further distinguishable, for in *Ashe*

---

1. *Blockburger* on its facts dealt with the imposition of cumulative punishment, not successive prosecutions. However, if two offenses are the same for purposes of barring consecutive sentences at a single trial, they will be the same for purposes of barring successive prosecutions. *See Brown v. Ohio,* 432 U.S. 161, 166, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977).

2. In *Smith v. United States,* 277 F.Supp. 850 (D.Md.1967), *aff'd* 401 F.2d 773 (4th Cir. 1968), the court wrote that "[t]he constitutional guaranty against 'double jeopardy' is against jeopardy for the same offense and not against repetition of evidence at trial for different offenses or against incidental proving of some other offense if such offense is one which has not theretofore been charged and prosecuted". 277 F.Supp. at 863, 4.

**652**

there was a second prosecution for the same offense but a different victim; in defendant Fowler's case, the second prosecution is for a second separate offense.

Defendant Fowler cites *Milanovich v. United States, supra,* which held that under 18 U.S.C. § 641, an accused could not be prosecuted for both stealing and receipt. The case at bar is distinguishable from *Milanovich,* because the two prosecutions here are for "sale" and then "receipt", not "stealing" and "receipt". Stealing and receiving are essentially one transaction in time, whereas receiving and selling are severed transactions and may be separate in time. Receipt is one offense, and selling to a third party is another offense which involves another person in the criminal transaction and makes the stolen goods harder to trace.

Therefore, the court grants the United States' motion in limine and denies the defendant's motion to dismiss under Fed.R. Crim.P. 12(b).

The Clerk of this court is directed to send certified copies of this memorandum opinion and order to counsel of record.